

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

December 8, 1999

Mr. Steven G. Moore, C.P.A.                    Opinion No. JC-0149
McLennan County Auditor
214 North Fourth Street, Suite 100             Re:   Whether interest earned on motor vehicle
Waco, Texas 76701-1366                         inventory tax escrow accounts may be used to
                                               purchase certain items and is subject to audit by
                                               the county auditor, and related questions
                                               (RQ-0097-JC)

Dear Mr. Moore:

        You ask several questions about interest earned on motor vehicle inventory tax escrow
accounts, money that section 23.122(c) of the Tax Code requires a tax assessor-collector to retain
to use to defray the cost of the motor vehicle inventory tax prepayment procedure. You ask whether
the interest may be used to purchase equipment that would be used for both administration of the
motor inventory tax prepayment procedure and general administration of the tax office. You also
ask about the county auditor's duties in auditing the interest and whether purchases from the fund
are subject to the County Purchasing Act, TEX. LOC. GOV'T CODE ANN. ch. 262, subch. C (Vernon
1999). While we conclude that interest may not be used for expenses not related to the
administration of the prepayment procedure, we also emphasize that the determination as to whether
and to what extent a particular purchase is a legitimate cost related to administration of the
prepayment procedure is for the tax assessor-collector to make in the first instance. We also
conclude that the county auditor's authority to audit the interest monies includes the authority to
review expenditures from the fund and to make audit reports regarding the interest monies to the
commissioners court. Finally, we conclude that purchases made with the interest monies are not
subject to competitive bidding under the County Purchasing Act.

        Section 23.122 of the Tax Code requires a motor-vehicle dealer to prepay property taxes
levied against the dealer's motor-vehicle inventory. TEX. TAX CODE ANN. § 23.122(b) (Vernon
Supp. 1999). Each month, a motor-vehicle dealer must deposit with the county tax assessor-
collector in the county in which the inventory is located a portion of the property tax the dealer is
expected to owe for the year. Id. The tax assessor-collector must place the prepaid taxes in an
escrow account to the dealer's (or "owner's") credit:

                (b) . . . . The money shall be deposited by the collector in or
        otherwise credited by the collector to the owner's escrow account for

> prepayment of property taxes . . . . An escrow account required by
> this section is used to pay property taxes levied against the dealer's
> motor vehicle inventory, and the owner shall fund the escrow account
> as provided by this subsection.

*Id.* The tax assessor-collector is required to maintain an escrow account for each owner in the county depository. *See id.* § 23.122(c). The tax assessor-collector disburses funds in the escrow account to "relevant taxing units," *i.e.*, taxing units "authorized by law to levy property taxes against a dealer's motor vehicle inventory," *id.* § 23.122(a)(7), in proportion to the amount of taxes levied, *id.* § 23.122(i). The dealer may not withdraw funds from the escrow account. *Id.* § 23.122(d). *See generally* Tex. Att'y Gen. LO-98-085, at 1-2 (summarizing motor vehicle inventory tax scheme).

Your inquiry focuses on the interest on the escrow accounts, which subsection (c) of section 23.122 allocates to the tax assessor-collector:

> (c) . . . . The collector shall retain any interest generated by the
> escrow account to defray the cost of administration of the prepayment
> procedure established by this section. Interest generated by an
> *escrow account created as provided by this section is the sole*
> property of the collector, and that interest may be used by no entity
> other than the collector. Interest generated by an escrow account may
> not be used to reduce or otherwise affect the annual appropriation to
> the collector that would otherwise be made.

*Id.* § 23.122(c). This office has concluded that because interest generated by the motor vehicle inventory tax escrow account is the "sole property" of and may be used only by the tax assessor-collector, it is not subject to the control of the commissioners court. Tex. Att'y Gen. Op. No. DM-398 (1996) at 2; *accord* Tex. Att'y Gen. LO-98-085, at 5-6. The tax assessor-collector's discretion with respect to the use of the fund is statutorily limited to defraying the costs of administering the tax prepayment procedure. *See* TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 1999). Accordingly, this office has concluded that the interest may not be used for general office expenses of the tax assessor-collector that are unrelated to the costs of administering the prepayment program. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 4; *accord* Tex. Att'y Gen. LO-98-085, at 6. This office has also cautioned, however, that whether a particular expenditure is a legitimate "cost of administration of the prepayment procedure" and is therefore a permissible use of the interest is a question of fact. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 3-4. "What constitutes a legitimate cost of administration of the prepayment program is a matter of fact upon which this office cannot opine." *Id.* at 3; *accord* Tex. Att'y Gen. LO-98-085, at 6. The tax assessor-collector must make the initial determination that a particular expenditure is a legitimate cost of administration under section 23.122(c), subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0135 (1999) at 2-3.

You ask two questions regarding whether the interest may be used to purchase equipment that would be used for both administration of motor inventory tax prepayment and general administration of the tax office: "Can the interest . . . be used to fund the entire purchase price of a piece of equipment, such as a vehicle or computer which will be utilized 25 percent for the administration of the prepayment procedure and 75 percent for general administration of the tax office?" *See* Letter from Steven G. Moore, C.P.A., McLennan County Auditor, to Office of Attorney General, at 2 (Aug. 4, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. You also ask if equipment purchased with the interest must "be used in a manner which defrays only the cost of the prepayment program." *Id.* at 3. You ask us to address the second question if we are not able to answer the first. Assuming that the tax assessor-collector has determined that only twenty-five percent of the purchase price of an item is a legitimate cost related to the administration of the prepayment procedure, then we believe that interest monies may be used to pay only twenty-five percent of the purchase price of the item. To use interest monies to fund the entire purchase would run afoul of the section 23.122(c) requirement that the interest be used only to "defray the cost of administration of the prepayment procedure." TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 1999). We emphasize, however, that the determination as to whether and to what extent a particular purchase is a legitimate cost related to administration under section 23.122(c) is for the tax assessor-collector to make in the first instance, subject to judicial review. We also believe that the proper use of equipment in the tax office is a matter within the discretion of the tax assessor-collector.

Next, we turn to your question about a county auditor's duty to audit the interest. You ask:

> Since the funds . . . are solely at the control of the tax assessor-collector, and the commissioners court has no authority whatsoever over the funds, does the County Auditor have a responsibility to report questioned expenditures from this fund, and if so, to whom does the county auditor issue an audit report?

Request Letter, *supra*, at 2. A county auditor is authorized and required to audit the motor vehicle inventory tax escrow accounts, as well as interest earned on the prepaid taxes.

Section 115.001(1) of the Local Government Code provides a county auditor with "continual access" to accounting books and related materials of any officer. *See* TEX. LOC. GOV'T CODE ANN. § 115.001 (Vernon 1999). Section 115.002(b) *requires* a county auditor, at least four times each year, to examine the county tax assessor-collector's books to verify their correctness. *Id.* § 115.002. A brief submitted by the Johnson County Tax Assessor-Collector's Office suggests that a county auditor is precluded from auditing the fund because the monies are not county property. *See* Letter from Terry W. Bradley, Esq. and Keith Bradley, Esq., to W.E. Carroll, Johnson County Tax Assessor-Collector (June 3, 1999) at 6. We note, however, that section 115.0035 of the Local Government Code requires a county auditor to examine, at least annually, the "accounts" of county officials. TEX. LOC. GOV'T CODE ANN. § 115.0035(b) (Vernon 1999). "Accounts" means "all public funds that are subject to the control of any . . . county . . . official." *Id.* § 115.0035(a). Thus, the

county auditor has express statutory authority to examine the correctness of the county tax assessor-collector's books, whether or not the books relate to county funds. *See id.*; *see also* Tex. Att'y Gen. Op. Nos. JC-0135 (1999) at 3; DM-398 (1996) at 4 (stating that county auditor may audit interest). This authority includes the authority to review expenditures from the fund. Audit reports should be submitted to the commissioners court. *See* TEX. LOC. GOV'T CODE ANN. § 115.0035(c) (Vernon 1999) ("The auditor shall verify the correctness of the accounts and report the findings of the examination to the commissioners court . . . .").

Finally, you ask whether purchases made with the interest are subject to the County Purchasing Act, chapter 262, subchapter C of the Local Government Code (the "Act"). We conclude that purchases made by the tax assessor-collector with these monies are not subject to the Act. This office has equated the interest monies with the district attorney hot-check fund created pursuant to article 102.007 of the Code of Criminal Procedure, *see* Tex. Att'y Gen. Op. No. DM-398 (1996) at 1 ("In our view, these funds are analogous to the 'hot-check' fund administered by the district attorney."), expenditures from which are, according to that statute, "at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office." TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 1999). Given that article 102.007 vests sole discretion for expenditures from the fund in the district attorney, this office has held that hot-check fund purchases are not subject to competitive bidding under the County Purchasing Act. *See* Tex. Att'y Gen. Op. Nos. JM-967 (1988) at 3; MW-439 (1982) at 8. Because subsection (c) of section 23.122 provides that "[i]nterest generated by an escrow account created as provided by this section is the sole property of the collector," TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 1999), and has been construed by this office to vest sole discretion over interest purchases in the tax assessor-collector, *see* Tex. Att'y Gen. Op. No. DM-398 (1996) at 2, we conclude that purchases made with the interest monies are not subject to competitive bidding under the Act.

## S U M M A R Y

Interest earned on motor vehicle inventory tax escrow accounts may not be used for expenses not related to the administration of the prepayment procedure. The determination as to whether and to what extent a particular purchase is a legitimate cost related to administration of the prepayment procedure is for the tax assessor-collector to make in the first instance. A county auditor's authority to audit the interest monies includes the authority to review expenditures from the fund and to make audit reports regarding the interest monies to the commissioners court. Purchases made by a tax assessor-collector with the interest monies are not subject to competitive bidding under the County Purchasing Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee